# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

YVETTE BARBARA BALDWIN.　　　　　　　　　Case No. 1:14-cv-466

　　　　Plaintiff,　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

　　　　　　v.

FIFTH THIRD BANK BOARD OF DIRECTORS, et al.,

　　　　Defendants.

## REPORT AND RECOMMENDATION

Plaintiff recently filed another *pro se* complaint with this Court. (Doc. 1). In her current complaint, Plaintiff names as defendants the "Fifth Third Bank Board of Directors," the "Fifth Third Bank Capital Markets Derivatives," and "Fifth Third Bank et al." In part, the complaint alleges that Defendants are guilty of "negligence" and of "fraudulent accounting practices" and other violations of Ohio and federal laws concerning the value of unspecified "investments." (Doc. 1-1 at 3). Plaintiff seeks a "national/international broadcast on my elite ultra high networth client status," which broadcast "should be presented by the special forces officials that are listed with my assets with BMO Harris Bank of Indianapolis," and other monetary relief. (Doc. 1-1 at 5). She includes a lengthy list of fifteen separate claims, ranging from familiar state law torts such as the intentional infliction of emotional distress to more unusual claims such as "dignitary tort – defamation of character." (Doc. 1-1 at 6). Plaintiff, who identifies herself as a "Royal Foreign Diplomat," explains that she has "continuously advised the defendant(s) that she has at least a <u>Billionaire</u> classification with <u>Trillions</u> in assets held," but complains that the defendants have "continuously advised" her in response "that her credit is too bad for a <u>$100,000.00</u> loan." (Doc. 1-1 at 6). She accuses the

defendants of causing harm to her "by preventing the business relationships that are of International importance as evidenced through the Royal Foreign Diplomat appointments and the Royal Order/Edicts that the Plaintiff holds with full authority." (Doc. 1-1 at 7).

Not counting bankruptcy proceedings or appeals,[1] Plaintiff has filed eighteen cases in the federal district courts without prepayment of fees. *See generally*, case records available on Public Access to Court Electronic Records ("PACER"). The majority of those cases have been filed *pro se* in this Court.[2] Plaintiff appears to be delusional, having previously filed suits alleging, for example, that a financial corporation conspired to murder her and that she is the Queen of Israel. *See, e.g., Baldwin v. Marshall & Ilsley Financial Corp.*, Case No. 1:11-cv-1513 (S.D. Indiana), dismissal affirmed in Appeal No. 11-3766 (7th Cir. May 29, 2012). Similar to the allegations in this case, many of Plaintiff's cases make fantastic claims of having been (or currently being) a billionaire, but having been wrongfully denied access to her funds and/or having been denied a loan by the named defendants. *Id.*; *see also Baldwin v. United Nations Security Council*, Southern District of Ohio Case No. 1:12-cv-134 (R&R filed by the undersigned on February 17, 2012, detailing similarity of fantastic allegations made in numerous cases).

Virtually all of Plaintiff's prior cases have been dismissed as wholly frivolous under the screening standards of 28 U.S.C. §1915(e)(2)(B), with a small number of them having been alternatively dismissed on procedural grounds. Due to the number of prior frivolous cases that Plaintiff has filed in this Court, she previously has twice been warned and put on notice "that she will be subject to sanctions if she continues to file

---

[1]PACER records list an additional eight bankruptcy proceedings and three (unsuccessful) appeals of the dismissal of her district court cases.
[2]Plaintiff filed her seventeenth and eighteenth cases on the same day, consisting of the above captioned case and Case No. 1:14-cv-467.

such frivolous lawsuits with this Court," which sanctions "will include, but not be limited to, a pre-filing restriction that would prohibit her from filing any additional complaints without leave of Court." *See Baldwin v. United Nations Security Council*, Case No. 1:12-cv-134 (Doc. 8, August 7, 2012 Order adopting Report and Recommendation); *Baldwin v. Hamilton County Clerk of Courts*, Case No. 1:12-cv-143 (Doc. 6, February 23, 2012 Order adopting Report and Recommendation).

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A

3

complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

As indicated, the instant complaint – like all other complaints filed by Plaintiff, contains allegations that clearly are "fantastic or delusional" and are patently frivolous. The undersigned finds that the complaint is not based on any factual or legal basis and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Based upon Plaintiff's practice of continuing to file frivolous cases despite the two prior warnings issued to her, this Court has little recourse but to deem Plaintiff a vexatious litigator.

"[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A*., 808 F.2d 358, 359 (5th Cir. 1986)). A Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers v. Chevon U.S.A., Inc., et al*., 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious

claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits. Moreover, the Sixth Circuit recognizes the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F .3d 264, 269 (6th Cir.1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987). The *Feathers* court recognized there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers* at 269. The Sixth Circuit Court agreed with the Ninth Circuit that "[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims." *Id.,* citing *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1524 (9th Cir.1983). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. See e.g., *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

At this juncture, Plaintiff's actions rise to the level of prolific and vexatious litigation. *See Feathers* at 269 (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). Issuing yet another warning to this particular Plaintiff clearly would be of no benefit either to Plaintiff or to this Court, since she seems unable to comply with the Court's warnings or to fully comprehend that her claims are fantastic and delusional. Therefore, the undersigned recommends classifying Plaintiff as a harassing and vexations litigator such that pre-filing restrictions should be imposed

before any additional complaints will be accepted by this Court. *See Marbly v. Wheatley, 87 Fed.Appx.* 535 (6th Cir.2004) (mandating that pro se plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. 2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

In terms of the level of pre-filing restrictions to be imposed, the undersigned notes that requiring court review of any proposed future filings by Plaintiff would likely result in a further waste of scarce judicial resources. *See Moore v. Hillman*, 2006 WL 1313880, *5 (W.D. Mich. May 12, 2006) (citing *Sassower v. American Bar Assn.*, 33 F.3d 733, 736 (7th Cir. 1994)). Plaintiff has demonstrated no ability to curtail her litigation practices.

With respect to this unique category of abusive litigators, courts have struggled to find an appropriate remedy that does not expend additional resources in the course of judicial gatekeeping. Thus, courts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court*, 114 F.3d 1188 (6th Cir. 1997)(unpublished), 1997 WL 321112, *1; *May v. Guckenberger*, 2001 WL 1842462, *6 (S.D. Ohio 2001). The Court finds that a similar sanction is appropriate in this case to deter Plaintiff from filing future vexatious and frivolous motions and lawsuits in this Court. *See also Bradford Co. v. Afco Manufacturing, et al.*, Case No. 1:04-cv-449-SSB (Doc. 164, Order of August 5, 2008, imposing same sanction upon Jonathan Lee Riches).

Accordingly, for these reasons, **IT IS RECOMMENDED THAT**:

1. Plaintiff's complaint should be **DISMISSED** pursuant to 28 U.S.C.

§1915(e)(2)(B);

2. An informational copy of this Report and Recommendation and of any future Order adopting the same should be immediately filed in the record of Case No. 1:14-cv-00467;

3. Plaintiff Yvette Barbara Baldwin should be declared a harassing and vexatious litigator, and therefore be **ENJOINED AND PROHIBITED** from filing any additional complaints in the Southern District of Ohio which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, *or alternatively*, which are accompanied by payment of the full filing fee;

4. The Clerk of Court should be specifically **DIRECTED** not to accept any such pleadings from Plaintiff absent compliance with the above restrictions, and should be instructed to dispose of such documents accordingly;

5. That pursuant to 28 U.S.C. § 1915(a)(3), the Court certify that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

YVETTE BARBARA BALDWIN.                    Case No. 1:14-cv-466

     Plaintiff,                                                        Dlott, J.
                                                                          Bowman, M.J.

        v.

FIFTH THIRD BANK BOARD OF DIRECTORS, et al.,

     Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).